## In re Earline Todd HAYWARD, Debtor.

### No. 99–10715.

United States Bankruptcy Court, S.D. Alabama.

July 10, 2001.

Robert R. Blair, Selma, AL, for Debtor.

Joy Jaye, Mobile, AL, for Norwest Bank Minnesota, N.A.

## ORDER DENYING DEBTOR'S MOTION TO REIMPOSE STAY

MARGARET A. MAHONEY, Chief Judge.

This matter is before the Court on Debtor's motion to reimpose the stay. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is denying Debtor's motion to reimpose the stay.

## FACTS

Earline Hayward filed for relief pursuant to chapter 13 of the Bankruptcy Code on February 25, 1999. On her schedules, Hayward listed the value of her residence as $27,000 subject to two mortgages. Hayward's schedules listed a mortgage to Southern Pacific Funding in the amount of $ 19,795.81 and a mortgage to the United States Department of Agriculture in the amount of $3,784.25. Southern Pacific is actually the servicer of that listed loan for Norwest Bank Minnesota, N.A. ("Norwest").

There was testimony and evidence that in January 1998, a year before filing bankruptcy, Ms. Hayward had thought she refinanced two mortgages on the property which she had with Farmers Home Administration/USDA and that both mortgages were to be replaced by the new Norwest mortgage. A new mortgage was executed and a title insurance company issued a policy stating that the title is "fee simple" subject only to the Norwest loan. However, one of the mortgages to the Department of Agriculture still remained in effect despite Ms. Hayward's stated intent, and Hayward is obligated to pay both the new mortgage and the Department of Agriculture mortgage.

On July 19, 1999, Norwest by and through its servicing agent, Southern Pacific Funding, filed a motion for relief from stay because of Hayward's default in payments on its mortgage. On January 7, 2000, this Court entered an order conditionally denying Norwest's motion and requiring Hayward to pay Norwest $756.09 by January 3, 2000, and to pay $ 135.84 for six months in addition to her regular mortgage payments of $ 240.03 per month.

On June 15, 2000, Norwest filed a second motion for relief from stay due to Hayward's failure to comply with the conditional denial order of January 7, 2000.

The Court granted Norwest's motion on August 24, 2000.

In March 2001, Hayward filed this motion to reimpose the stay and prevent foreclosure on her residence. Hayward contends that she fully complied with this Court's order of January 7, 2000 and produced copies of receipts for the payments she made. The servicing agents for Norwest have changed several times resulting in some confusion, however coupon books with the name and address where payments should be submitted were always provided to Hayward. Ms. Hayward's receipts matched the account information provided by Norwest except for a money order dated February 16, 2000 that appears to not have been endorsed by Norwest's servicing agent until April 27, 2000. That payment was not shown at all in Norwest's account information. Upon examining the dates and serial numbers on the money orders, this Court determined that some of the receipts Hayward produced were duplicates. Hayward made the following payments from December 1999 until now:

| Date | Amount | Endorsement |
| --- | --- | --- |
| **1999** | | |
| December | $252.00 | Ocwen Federal Bank on 12/17/99 |
| **2000** | | |
| January | None | |
| February | $240.03 | Southern Pacific Funding on 4/27/00 |
| March | None | |
| April | $240.00 | (endorsement not shown) |
| May | None | |
| June | None | |
| July | None | |
| August | None | |
| September | None | |
| October | (a payment of $240.03 was returned to Hayward) | |
| November | None | |
| December | $480.06 | Ocwen on 12/21/2000 |
| **2001** | | |
| January | None | |
| February | (a payment of $720.00 was returned to Hayward) | |
| March | None | |
| April | None | |
| May | None | |
| June | None | |

## LAW

After examining the receipts and account information provided by the parties, it is clear that Ms. Hayward has not complied with the conditional denial order of January 7, 2000. Norwest did not account for one payment made by Hayward, but Hayward is still many months in arrears after crediting her account for that one payment. She did not pay $756.09 or the additional $135.84 for six months as required by the January 7, 2000 order. She did not even pay her regular monthly payments. Ms Hayward has paid only 5 out of the 19 months from December 1999 to June 2001 (about $3,360 in arrears). That in addition to the six payments of $135.84 ($815.04 total) and the $756.09 payment comes to a total arrearage of about $4,900. Ms. Hayward says she can pay the $720 that was returned to her and continue to pay the regular payments, but that will still leave a large arrearage.

This Court gives debtors the benefit of the doubt in the first motion for relief filed in a case and will usually approve a reasonable adequate protection request. This motion is one to reimpose the stay after its lifting. It is similar to the situation raised when a creditor files a second motion for relief from stay after debtor's first adequate protection offer has failed. The Court grants second motions for relief routinely unless the entire arrearage is cured. A motion to reimpose the stay makes the debtor's burden even heavier. Injunction standards apply. The injunction standard has not been met.

It is possible that Ms. Hayward may have a claim against the title company that

issued the fee simple policy, but that is not before the Court at this time.

THEREFORE, IT IS ORDERED AND ADJUDGED that the motion of Earline Todd Hayward to reimpose the stay is DENIED